GRIFFIN, Judge,
dissenting.
Appellant has a big problem. She failed to appeal a judgment that both suspended operation of appellee’s seven-year non-eompete agreement (based on appellant’s failure to pay the agreed consideration for the non-compete agreement) and awarded appellee damages for the value of the non-compete agreement. No election of remedy was evidently required. On the face of the judgment, therefore, it appears appellee can both compete with appellant and recover as damages the entire amount appellant agreed to pay her for not competing. The judgment does not explain whether or how the amount owed under the judgment would be adjusted for the period of competition prior to payment. Nor does it provide for relief from payment if appellee continues to compete for all or part of the seven-year term. Appellant now seeks relief through a declaratory judgment or Florida Rule of Civil Procedure 1.540. Contrary to the majority and notwithstanding appellant’s failure to appeal the original final judgment, I think appellant should have access to the court to obtain a *181 clarification of the ambiguity that is latent in the original judgment, including how the judgment will be satisfied if the non-eompete remains suspended.